**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ASHISH PUNIA,

Petitioner,

v. Case No. 3:26-cv-762-WWB-SJH

WARDEN FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus on April 6, 2026. (Doc. 1). He raises five claims for relief, four of which challenge his mandatory detention under 8 U.S.C. § 1225 and one that challenges his warrantless arrest. (*See generally id.*). As relief, he requests an individualized bond hearing or immediate release. (*Id.* at 21).

Federal Respondents filed a Response advising that the day after Petitioner filed this case, he requested a bond hearing with the immigration court, and the immigration court granted the request and held the bond hearing on May 12, 2026. (Doc. 13 at 1). After hearing evidence, the immigration judge denied Petitioner's request for bond, finding that "[b]ecause of [Petitioner's] limited prospects for relief [from deportation]," he presented a flight risk. (*Id.* at 1–2; Doc. 13-2 at 3). According to Federal Respondents, Petitioner then reserved his right to appeal the immigration judge's decision. (Doc. 13 at 2). Consequently, because Petitioner received the relief he requests (a bond hearing), they argue the Petition should be denied as moot. (*Id.* at 1).

In his Reply, Petitioner argues that his Petition is not moot because while he does challenge his detention under § 1225 and requests a bond hearing under 8 U.S.C. § 1226, he also challenges his unlawful arrest and requests that the Court order his immediate release. (Doc. 14).

First, to the extent that Petitioner challenges his arrest, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Second, to the extent he asks for such, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). To that end, because Petitioner received the only requested relief for which he was entitled—a bond hearing—the Court finds the Petition to be moot. If Petitioner disagrees with the outcome of the bond hearing,

he may appeal the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot**.
2. The Warden's Motion to Dismiss (Doc. 12) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 24, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsel of Record